**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

| | |
|---|---|
| JANE DOE<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MERCY CATHOLIC MEDICAL CENTER<br><br>　　　　Defendants. | Civil Action No:   16-1247 |

**CONCISE SUMMARY OF THE CASE**

**Short Caption**:　　Doe v. Mercy Catholic Medical Center
**USCA No**.:　　　　16-1247
**U.S. Dist. Ct. No.**:　15-2085
**Name of Judge:**　　The Honorable Michael M. Baylson

**Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:**

　　Plaintiff-Appellant Jane Doe is suing Defendant-Appellee Mercy Catholic Medical Center for violations of Title IX of the Education Amendments Act of 1972 ("Title IX"), and for breaches of contract under Pennsylvania contract law. The amount in controversy has yet to be determined, as Plaintiff seeks damages for the wrongful and unlawful termination from her medical residency program with Defendant. Plaintiff also seeks injunctive relief of reinstatement. Plaintiff appeals from the January 26, 2016 Order of the District Court dismissing Plaintiff's federal claims under Title IX with prejudice, and the concomitant dismissal of her pendent state law claims for lack of supplemental jurisdiction.

**List and Attach a copy of each order, judgment, decision or opinion which is involved in this appeal.**

- January 26, 2016 Order of Dismissal;
- January 26, 2016 Memorandum re: Defendant's Motion to Dismiss;

**Provide a short statement of the factual and procedural background which you consider important to this appeal:**

　　Plaintiff Jane Doe was a medical resident with Defendant Mercy Catholic Medical Center in diagnostic radiology from July 2011 until on or around May 1, 2013. During her residency,

Plaintiff alleges she was subjected to sexual harassment by the residency program director and that once she both complained of same and rebuffed the director's advances, he retaliated against her for turning down his sexual/romantic overtures. It is undisputed that the director expressed displeasure with Plaintiff's complaints made directly to him of unfair treatment, and that he then attempted to have Plaintiff either be removed from residency program or to resign. Plaintiff resigned from the program after being told that she would be removed if she did not resign. Plaintiff alleges that this removal/forced-resignation constitutes retaliatory expulsion for complaining about sexual harassment, a violation of Title IX. Plaintiff also alleges that her removal from the residency constituted a breach of the residency agreement under state contract law.

Plaintiff filed the instant lawsuit on April 20, 2015. Defendant filed a partial motion to dismiss several of the Plaintiff's claims. At oral argument on October 1, the Court *sua sponte* questioned whether Title IX covers graduate medical education programs, i.e., medical residencies, at which point, the Defendant filed a renewed motion to dismiss asking for the entire claim, which the Court granted, holding that Title IX does not extend its protections to medical residents engaged in graduate medical education and the state contract claims should be dismissed for lack of pendent supplemental jurisdiction.

**Issues to Be Raised on Appeal**

- Is a graduate medical education residency program a "education program or activity" under Title IX?

- Does Title IX's protections against gender discrimination extend to participants in graduate medical education programs, i.e., medical residencies?

- Does Title VII preempt a parallel Title IX claim?

- May a Plaintiff bring a Title IX claim for termination of her education/employment without following the administrative exhaustion requirements of Title VII?

- If Title IX does extend to medical residents, did Plaintiff allege a pattern of continuing sexual harassment in which one event in that pattern occurred within the time set forth by the applicable statute of limitations?

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record this 19th day of February, 2016.

/s/ *Joshua S. Boyette*
Joshua S. Boyette, Esquire
SWARTZ LEGAL, LLC
Attorneys for Plaintiff-Appellant